IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Mark Koshnick, | § | |
|     *Plaintiff* | § | |
| | § | |
| v. | § | 1:17-cv-00852 |
| | § | |
| City of Lakeway and | § | |
| The City of Bee Cave, | § | |
|     *Defendants* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

1. Plaintiff, **Mark Koshnick** (hereinafter "Plaintiff"), files this Original Complaint and Jury Demand and in support thereof would respectfully shows the Court as follows:

### I.
### INTRODUCTION

2. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 arising from the excessive use of force against the Plaintiff on or about September 12, 2015 at his residence in Austin, Travis County, Texas. The Plaintiff is seeking damages against Defendants, **City of Lakeway** and the **City of Bee Cave** for committing acts under color of law, which deprived this Plaintiff of rights secured to him under the Constitution and Laws of the United States.

### II.
### PARTIES

3. Plaintiff, **Mark Koshnick**, is a resident of Austin, Travis County, Texas.

4. **City of Lakeway** is a municipality organized under the laws of the State of Texas which has created a police department, the City of Lakeway Police Department, through which the City is responsible for the implementation of City of Lakeway Police Department policies, procedures, practices and customs, as well as the acts and omissions of its police officers, including all of the police officers involved in the events described below. The **City of Lakeway**

may be served with citation by and through its mayor, John Bain at 1102 Lohman's Crossing Road, Lakeway, Texas 78734.

5. The **City of Bee Cave** is a municipality organized under the laws of the State of Texas which has created a police department, the City of Bee Cave Police Department through which the City is responsible for the implementation of City of Bee Cave Police Department policies, procedures, practices and customs, as well as the acts and omissions of its police officers, including the police officers involved in the events described more fully below. The **City of Bee Cave** may be served with citation by and through its mayor, Caroline Murphy at 4000 Galleria Parkway Bee Cave, TX 78738.

## III.
## JURISDICTION

6. This action is brought pursuant to 42 U.S.C. § 1983 and 1988. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C § 1331, as this lawsuit arises under the Constitution, laws, or treaties of the United States and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all other claims as these claims are so related to Plaintiff's federal claims as to form part of the same case or controversy for purposes of Article III of the U.S. Constitution.

## IV.
## VENUE

7. Venue is proper Travis County and subsequently in this Court under 28 U.S.C. § 1391(b), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## V.
## FACTUAL BACKGROUND

8. In the early morning hours of September 12, 2015, several police officers with the

Lakeway Police Department went to the home of the Plaintiff in response to a domestic disturbance call. Upon arrival, the Lakeway Police Department officers spoke with the Plaintiff, who confirmed that there was not a domestic situation and that all the occupants of the home were safe. The Lakeway Police Department police officers left the Plaintiff's home after this discussion and the Plaintiff retired to an upstairs bathroom to shower before going to sleep.

9. The officers of the City of Lakeway Police Department returned with officers from the City of Bee Cave Police department and swarmed the Plaintiff's residence. Some officers climbed the fence to break into the back door while other officers took a battering ram to the front door. The Plaintiff, who had just completed his shower, ran to the stairs of his two-story home to surveil the events. As the Plaintiff stood on the stairs, one or more officers grabbed the compliant, non-confrontational Plaintiff and drug him down the stairs where he was ultimately handcuffed and placed in the squad car. The officers never provided the Plaintiff with his "Miranda rights". The assault on the Plaintiff was unprovoked and unwarranted. The Plaintiff was not a suspect. The Plaintiff did not pose a threat to the safety of the officers. The Plaintiff did not actively or passively resist arrest. The Plaintiff did not attempt to evade arrest. In fact, the Plaintiff was never arrested or prosecuted for the commission of a crime.

10. The officers of the City of Lakeway Police Department and the City of Bee Cave also arrested the Plaintiff's wife, Mrs. Tracey Koshnick, and placed her in handcuffs. She was then escorted to a waiting squad car and taken to jail. The charges against Mrs. Koshnick were ultimately dropped.

11. The officers from the City of Lakeway Police Department and the City of Bee Cave Police Department used excessive force to subdue the Plaintiff, **Mark Koshnick** where there was no objective or subjective reason to use any force or to escalate beyond the use of verbal

orders or controls. As depicted by the footage available to the officers and their superiors, the Plaintiff remained compliant, reasonable and rationale in his discussions with the police officers from both departments. Despite this compliance, the officers drug the Plaintiff down the stairs of his home and subdued him prior to placing him in handcuffs. The use of force was not authorized by Texas law and it was unreasonable under the circumstances as the Plaintiff was the alleged victim of the initial domestic disturbance call to the police dispatcher. The conduct of the Plaintiff offered no hint of threat to the officers or to the Plaintiff. The Plaintiff also did not make any gestures or efforts to evade or escape the police officers at any time material hereto. The Plaintiff did not resist the commands of the officers and he did not have any device or instrumentality in his hands which might have been considered a weapon by the police officers. The application of force by the Defendants' police officers was not reasonable or commensurate or proportional to the actions of the Plaintiff. The use of force to subdue the Plaintiff was unnecessary and excessive.

12. Defendant **City of Lakeway,** by and through its law enforcement agency the City of Lakeway Police Department, failed to enact and enforce the appropriate procedures to prevent and/or deter this type of conduct and condoned or ratified this conduct by failing to discipline employees for such actions and complaints.

13. Defendant **City of Bee Cave,** by and through its law enforcement agency the City of Bee Cave Police Department, failed to enact and enforce the appropriate procedures to prevent and/or deter this type of conduct and condoned or ratified this conduct by failing to discipline employees for such actions and complaints.

14. At all relevant times, the unknown officers were within the course and scope of their employment within their respective police departments. At all times relevant hereto, the

unknown officers were acting under color of law and regulations promulgated by the State of Texas, the **City of Lakeway** and **the City of Bee Cave.** The **City of Lakeway** had policies and/or customs that enabled its agents and employees to act with deliberate indifference to the constitutional rights of citizens like the Plaintiff. The **City of Bee Cave** had policies and and/or customs that enabled its agents and employees to act with deliberate indifference to the constitutional rights of citizens like the Plaintiff

15. At all times relevant, these unknown officers were on-duty employees of the **City of Lakeway** and/or the **City of Bee Cave**. At the times and places stated above, the unknown officers were acting in their official capacities as Officers with the **City of Lakeway** and/or the **City of Bee Cave** and by their intentional acts, under the color of authority, and official oppression, violated the civil rights and caused injury to the Plaintiff and deprived him of his constitutional rights under the Fourteenth Amendment of the Constitutions of the United States and under 42 U.S.C sections 1981, 1983 and 1988. There is a pattern of misconduct originating from a failure to hire, train, discipline or supervise the police officers of the City of Lakeway Police Department and the City of Bee Cave Police Department. The practices of the Officers, while not authorized by officially adopted and promulgated policy and/or procedure, are so common and well settled as to constitute a custom that fairly represents the policies of the respective cities over the past five years.

16. The conduct described herein is strongly indicative of a situation of endemic malfeasance at the administrative levels of the **City of Lakeway** and the **City of Bee Cave** as well as the respective police departments. The customs, patterns, policies (written and unwritten) show the Defendants' calculated and callous disregard for the Constitutional rights and privileges guaranteed to all United States Citizens, including the Plaintiff.

17. The Defendant **City of Lakeway** is guilty of wrongful hiring, training, supervising, disciplining, and maintaining public servants of quality and character of the unknown officers. The Defendant **City of Lakeway** is guilty of promulgating regulations, ordinances, policies and procedures that allow Defendant officers to disregard the constitutional rights of citizens like the Plaintiff.

18. The Defendant **City of Bee Cave** is guilty of wrongful hiring, training, supervising, disciplining, and maintaining public servants of quality and character of the unknown officers. The Defendant **City of Bee Cave** is guilty of promulgating regulations, ordinances, policies and procedures that allow Defendant officers to disregard the constitutional rights of citizens like the Plaintiff.

## VI.
## FACTS PERTAINING TO PLAINTIFF

19. Plaintiff, Mark Koshnick was a forty-seven-year-old, married, father of two teenage boys.

20. The Plaintiff's wife was Tracey Renee Koshnick.

21. The Plaintiff was employed as the Commercial Banking Regional President for San Antonio and Austin for Regions Bank.

22. The Plaintiff has a general right, pursuant to the protections afforded her by the U.S. Constitution, including but not limited to the due process protection afforded his liberty interest of bodily integrity by the Fourteenth Amendment.

## VII.
## COUNT ONE – 42 U.S.C. §1983 (against the CITY OF LAKEWAY)

23. The Plaintiff hereby incorporates by reference, as if fully set forth herein, all the factual allegations contained in this complaint.

24. Defendant **City of Lakeway** acted with intentional and/or reckless disregard for

Plaintiff's right to substantive and procedural due process by allowing the criminal assaults to occur in violation of Plaintiff's right to bodily integrity and Plaintiff's right to be free from any punishment, especially cruel and unusual punishment, without due process of law.

25. Defendant **City of Lakeway** has the right and duty to control the conduct of its employees, particularly those in such powerful positions such as the officers who swarmed the Plaintiff's residence. The acts and conduct of Defendant **City of Lakeway**, in allowing abusive and criminal conduct to occur, is evidence that Defendant **City of Lakeway** condoned and ratified the wrongful conduct of its employee. Such actions were willful, deliberate, malicious, or with reckless disregard for the due process rights of the Plaintiff.

26. Defendant **City of Lakeway** was vested with the duty and obligation to properly supervise its police officers, who harassed, intimidated, abused, and physically assaulted Plaintiff and had the power to end the abuse but failed to do so.

27. Defendant **City of Lakeway** acted with deliberate indifference to Plaintiff's due process rights because it failed to adequately train its subordinates to identify, report, and deter criminal conduct by fellow officers. This failure to train constitutes deliberate indifference to the rights of persons with whom the officers come into contact and the failure was a proximate cause of the injuries suffered by Plaintiff.

28. The actions of Defendant constituted a deprivation of life, liberty, and/or property without due process of law. As a direct result of the physical abuses, Plaintiff suffered, and continues to suffer, serious mental, emotional, and physical injuries.

### VIII.
### COUNT TWO – 42 U.S.C. §1983 (against the CITY OF BEE CAVE)

29. The Plaintiff hereby incorporates by reference, as if fully set forth herein, all the factual allegations contained in this complaint.

30. Defendant **City of Bee Cave** acted with intentional and/or reckless disregard for Plaintiff's right to substantive and procedural due process by allowing the criminal assaults to occur in violation of Plaintiff's right to bodily integrity and Plaintiff's right to be free from any punishment, especially cruel and unusual punishment, without due process of law.

31. Defendant **City of Bee Cave** has the right and duty to control the conduct of its employees, particularly those in such powerful positions such as the officers who swarmed the Plaintiff's residence. The acts and conduct of Defendant **City of Bee Cave**, in allowing abusive and criminal conduct to occur, is evidence that Defendant **City of Bee Cave** condoned and ratified the wrongful conduct of its employee. Such actions were willful, deliberate, malicious, or with reckless disregard for the due process rights of the Plaintiff.

32. Defendant **City of Bee Cave** was vested with the duty and obligation to properly supervise its police officers, who harassed, intimidated, abused, and physically assaulted Plaintiff and had the power to end the abuse but failed to do so.

33. Defendant **City of Bee Cave** acted with deliberate indifference to Plaintiff's due process rights because it failed to adequately train its subordinates to identify, report, and deter criminal conduct by fellow officers. This failure to train constitutes deliberate indifference to the rights of persons with whom the officers come into contact and the failure was a proximate cause of the injuries suffered by Plaintiff.

34. The actions of Defendant constituted a deprivation of life, liberty, and/or property without due process of law. As a direct result of the physical abuses, Plaintiff suffered, and continues to suffer, serious mental, emotional, and physical injuries.

## IX.
## DAMAGES OF PLAINTIFF, MARK KOSHNICK

35. As a direct and proximate result of the acts and omissions outlined above, Plaintiff has

been severely damaged. Each Defendant, acting individually, or in concert with the other Defendants, has caused Plaintiff to suffer the damages described below.

36. Plaintiff seeks compensatory damages in an amount deemed sufficient by the trier of fact to compensate him for his damages, which includes but are not limited to past and future medical expenses and cost associated with medical treatment and care past and future, loss of the enjoyment of life's pleasures, past and future mental anguish, past and future pain and suffering, and past and future lost wages and loss of earning capacity.

## X.
## ATTORNEY'S FEES

37. Plaintiff has retained the services of the undersigned counsel, and claims entitlement to an award of reasonable and necessary attorney's fees under 42 U.S.C. § 1983 and 1988.

## XI.
## JURY DEMAND

38. Plaintiffs respectfully request a trial by jury.

## XII.
## PRAYER FOR RELIEF

39. For these reasons, Plaintiff seek a judgment against Defendants for:

    a. compensatory and actual damages in an amount deemed sufficient by the trier of fact;

    b. attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988;

    c. costs of court; and

    d. interest allowed by law for prejudgment or post-judgment interest.

    e. all other relief to which the Plaintiff may be entitled, at law or in equity.

Respectfully submitted,

By: /s/
**Brian C. Steward**

State Bar No. 19201100
Bbrian@krwlawyers.com
KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:     (210) 490-7402
Facsimile:     (210) 490-8372
**ATTORNEYS FOR PLAINTIFFS**