IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARK KOSHNICK, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | |
| | § | CAUSE NO. 1:17-CV-852-LY |
| CITY OF LAKEWAY AND CITY OF | § | |
| BEE CAVE, | § | |
| DEFENDANTS. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court in the above-styled and numbered cause are Defendant City of Lakeway's Motion and Brief to Dismiss Plaintiff's Complaint for Failure to State a Claim filed November 21, 2017 (Dkt. No. 8), Defendant City of Bee Cave's Motion and Brief to Dismiss Plaintiff's Complaint for Failure to State a Claim filed November 21, 2017 (Dkt. No. 9), Plaintiff's Combined Response to the City of Lakeway's and the City of Bee Cave's Motions to Dismiss for Failure to State a Claim filed December 12, 2017 (Dkt. No. 16), and Combined Reply of the City of Lakeway and City of Bee Cave in Support of Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim filed December 19, 2017 (Dkt. No. 17). Having reviewed the motions, response, reply, applicable law, and the entire case file, the court renders the following order.

I.  **BACKGROUND**

In the early morning hours of September 12, 2015, several City of Lakeway ("Lakeway") police officers arrived at Mark Koshnick's ("Koshnick") home in response to a domestic disturbance call. After Koshnick confirmed that both he and the occupants of the house were safe and that there was no domestic disturbance, the Lakeway officers departed. Koshnick retired upstairs. Lakeway officers returned with officers later that morning from the City of Bee Cave

("Bee Cave") and surrounded Koshnick's home. Officers used a battering ram to break down Koshnick's front door to enter the house. Upon hearing the commotion, Koshnick ran to the top of the stairs. The officers dragged Koshnick down the stairs, handcuffed him, and placed him in a squad car. Koshnick did not make any gestures or movements suggesting he would attempt to escape. Koshnick obeyed the officer's commands and did not have an instrument in his hand which could have been considered a weapon. Video footage available from the arrest reveals that Koshnick remained compliant, reasonable, and rational when speaking with officers. Koshnick was not read his *Miranda* rights, was not a suspect, did not pose a safety threat to the officers, did not resist arrest, did not attempt to evade arrest, and was never prosecuted for any crime.

On September 1, 2017, Koshnick filed suit against Lakeway and Bee Cave under Section 1983, alleging municipal liability. *See* 42 U.S.C. § 1983.[1] He alleges that Lakeway's wrongful hiring, training, supervising, and discipline of its officers led to severe physical, emotional, and mental injuries.

Lakeway and Bee Cave moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Koshnick failed to plead sufficient facts to state a claim for municipal liability.[2] Specifically, Lakeway argues that Koshnick did not adequately state a claim for an underlying constitutional injury, explain how it acted with deliberate indifference, nor identify a policy maker. Lakeway also argues that Koshnick's claim is barred by the statute of limitations. The court concludes that Koshnick adequately stated an underlying constitutional

---

[1] As the interests of Defendants do not diverge, the court will refer to them generally as "Lakeway," unless otherwise noted or as needed for context.

[2] The arguments made in the two motions are substantively similar, and the court will consider them together.

claim, but he did not adequately state a claim for municipal liability. The court will grant the motions to dismiss with leave to amend for the reasons that follow.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint need not contain detailed factual allegations, but in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion to dismiss, the court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2009).

## III. MUNICIPAL LIABILITY CLAIM UNDER SECTION 1983

To state a claim for municipal liability, a plaintiff "must allege sufficient factual content to permit a reasonable inference (1) that a constitutional violation occurred and (2) that an official policy attributable to the [municipal] policymakers (3) was the moving force behind it." *Littell v. Houston Indep. Sch. Dist.*, 894 F.3d 616, 622–23 (5th Cir. 2018) (internal quotation marks omitted); *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009). An "official

3

municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Hicks-Fields v. Harris Cty., Tex.*, 860 F.3d 803, 808 (5th Cir. 2017). A practice is persistent and widespread when it "is so common and well settled as to constitute a custom that fairly represents municipal policy." *Brown v. Bryan Cty., Okla.*, 219 F.3d 450, 457 (5th Cir. 2000).

To state a failure-to-train claim, a plaintiff must demonstrate that (1) the municipality's training procedures were inadequate; (2) the municipality was deliberately indifferent in adopting its training policy; and (3) the inadequate training policy directly caused the violations in question. *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 170 (5th Cir. 2010); *see also City of Canton v. Harris*, 489 U.S. 378, 388 (1989) ("[T]he inadequacy of police training may serve as the basis for [Section] 1983 liability only where the failure to train amounts to deliberate indifference to the rights of person with whom the police come into contact."). The Supreme Court in *Canton* advanced two ways of proving deliberate indifference: (1) through proof of a pattern of violations that make the need for further training obvious to policymakers or (2) for failing to provide training when "the risk of constitutional violations was or should have been obvious or highly predictable." *Littell*, 894 F.3d at 624 (internal quotation marks omitted). "For liability to attach based on an 'inadequate training' claim, a plaintiff must allege with specificity how a particular training program is defective." *Benavides v. Cty. of Wilson*, 955 F.2d 968, 973 (5th Cir. 1992). The plaintiff must also prove that "the identified deficiency in the training program" is "closely related to the ultimate injury." *Canton*, 489 U.S. at 379.

### a. Koshnick adequately stated an underlying constitutional violation.

A claim for excessive force under the Fourth Amendment[3] requires "(1) an injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3) objectively unreasonable." *Peña v. City of Rio Grande City*, 879 F.3d 613, 619 (5th Cir. 2018) (internal quotations and citation omitted). "The second and third elements collapse into a single objective-reasonableness inquiry, *see Scott v. Harris*, 550 U.S. 372, 381 (2007), guided by the following factors: the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (internal quotations and citation omitted). Though "the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it," *id.*, officers must "refrain from using excessive force, that is more force than is reasonably necessary, when effectuating an arrest." *United States v. Brugman*, 364 F.3d 613, 616 (5th Cir. 2004). "Excessive force claims are necessarily fact-intensive; whether the force used is excessive or unreasonable depends on the facts and circumstances of each particular case." *Darden v. City of Fort Worth, Tex.*, 880 F.3d 722, 728 (5th Cir. 2018) (internal quotations and citation omitted).

Lakeway argues that Koshnick's municipal liability claims fail without an underlying constitutional violation. Koshnick alleges that Lakeway officers used excessive force when he

---

[3] Koshnick also briefly references the Fourteenth Amendment and substantive due process in his complaint. However, the bulk of the complaint addresses Fourth Amendment excessive force claims. This court is proceeding as if Koshnick is alleging an underlying constitutional injury arising from a violation of the Fourth Amendment. If Koshnick wishes to tie the municipal liability claim to a different underlying constitutional violation, he should do so clearly in an amended complaint.

5

was detained on September 12, 2015.[4] Koshnick alleges that he was dragged down the stairs, handcuffed, and placed in a squad car. Koshnick did not make any gestures or movements suggesting he would attempt to escape, and Koshnick obeyed the officer's commands. Koshnick did not have an instrument in his hand which could have been considered a weapon, and video footage available from the arrest reveals that Koshnick remained compliant, reasonable, and rational when speaking with officers. As a result of this force, Koshnick alleges he now suffers serious mental, emotional, and physical injuries.

Koshnick has adequately pled all three elements required to show excessive force: (1) Koshnick suffered severe mental, emotional, and physical injuries (2) that resulted from being dragged down the stairs, (3) which was unreasonable. *Cf. Peña*, 879 F.3d at 619. Dismissing on grounds that the force used was *de minimis* would be improper given that Koshnick has alleged serious mental, emotional, and physical injuries from being dragged down the stairs in his home.[5] *Alexander v. City of Round Rock*, 854 F.3d 298, 309 (5th Cir. 2017) ("Any force found to be objectively unreasonable necessarily exceeds the *de minimis* threshold, and, conversely, objectively reasonable force will result in *de minimis* injuries only."). Whether or not the force was severe enough to be legally excessive or unreasonable is a question for summary judgment or trial. "In short, 'as long as a plaintiff has suffered 'some injury,' even relatively insignificant injuries and purely psychological injuries will prove cognizable when resulting from an officer's unreasonably excessive force.'" *Alexander*, 854 F.3d at 309. Because this is the motion-to-dismiss stage, we accept Kosknick's factual allegations as true to determine whether he plausibly

---

[4] Koshnick fails to specifically reference the Fourth Amendment when he asserts that Lakeway used excessive force. Koshnick also fails to reference the Fifth Amendment when he alleges that he was not read his *Miranda* rights.

[5] However, when amending his complaint, Koshnick would be wise to state with more specificity what specific injuries he sustained.

6

states a claim for relief, recognizing that Lakeway will have the right to contest these assertions at trial. The court concludes that Koshnick has adequately stated a constitutional injury. Because Koshnick has sufficiently stated an underlying constitutional violation the court will not dismiss his municipal liability claim on this ground.[6]

### b. Koshnick failed to adequately allege that Lakeway was deliberately indifferent to the need to for more or different training.

To show deliberate indifference for a failure-to-train claim, a plaintiff must usually show that the municipality had notice of a pattern of similar violations. *See Littell*, 894 F.3d at 624; *see also Hobart v. Estrada*, 582 F. App'x 348, 357 (5th Cir. 2014). "To proceed beyond the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts.'" *Peña*, 879 F.3d at 622. To adequately plead that a custom or policy exists, the plaintiff "must do more than describe the incident that gave rise to his injury." *Id.* A claim against a municipality based upon inadequate hiring policies cannot merely allege a generalized lack of screening; it "must depend on a finding that *this* officer was highly likely to inflict the *particular* injury suffered by the plaintiff." *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 412 (1997).

Lakeway first argues that Koshnick did not adequately allege that Lakeway was deliberately indifferent to the need to for more or different training. In part, Lakeway argues that Koshnick failed to state that it acted with deliberate indifference because he did not identify a policy on which he bases his claim. Koshnick does allege generally that there is a pattern of

---

[6] Koshnick also briefly mentions that he was not read his *Miranda* rights as required by the Fifth Amendment when he was taken into custody. This alone is sufficient to adequately plead a constitutional violation. *See Miranda v. Arizona*, 384 U.S. 436, 469 (1966). However, Koshnick fails to allege how this constitutional injury is "closely related" to Lakeway's failure to train its officers. *Canton*, 489 U.S. at 379. When amending his complaint, Koshnick should make clear whether or not he is alleging that his Fifth Amendment rights were violated.

7

misconduct originating from a failure to hire, train, discipline, or supervise that—while not an officially promulgated policy or procedure—is so well settled "as to constitute a custom that fairly represents the policies of the respective cities over the past five years." However, Koshnick has failed to allege "with *specificity*" how Lakeway's hiring, training, supervision, and discipline of their officers was defective. *Benavides*, 955 F.2d at 973 (emphasis added). Koshnick's complaint identifies only one incident—his own arrest—that would suggest that Lakeway has a custom or policy that led to a violation of his constitutional rights. One incident does not allow for an inference of an existing policy or custom except in rare circumstances.[7] Therefore, Koshnick does not allege a pattern of specific violations sufficient to show that "the need for more or different training is obvious." *Canton*, 489 U.S. at 390. Further, Koshnick alleges that Lakeway has defective hiring practices but does not name or reference a specific officer and fails to allege why that officer would be "likely to inflict the *particular* injury suffered by the plaintiff." *Brown*, 520 U.S. at 412. Accordingly, Koshnick failed to adequately plead that the city of lakeway was deliberately indifferent. Because this is a required element of municipal liability, the court will grant the motions to dismiss with leave to amend.

Second, Lakeway argues that Koshnick does not adequately identify a policymaker. The Fifth Circuit has determined that "the specific identity of the policymaker is a legal question that need not be pled." *Groden v. City of Dallas, Tex.*, 826 F.3d 280, 284 (5th Cir. 2016). "The

---

[7] "Even without evidence of a pattern of similar incidents resulting from a deficient training policy, a plaintiff can still establish deliberate indifference under the single incident exception." *Hobart*, 582 F. App'x at 357. However, this exception is extremely narrow and rarely applied. *Id.* ("[W]e are aware of one instance in which we have found a single incident sufficient to support municipal liability."). Koshnick alleges that the failure-to-train claim arises from a five-year period of activity. This suggests that he does not intend to pursue a claim under the single incident exception. Should Koshnick wish to pursue a claim under the single incident exception, he should make that clear and provide factual allegations supporting such a claim in his amended complaint.

complaint need only allege facts that show an official policy, promulgated or ratified by the policymaker, under which the municipality is said to be liable." *Id.* Koshnick has named City of Lakeway Police Department and City Bee Cave Police Department in his complaint. This is sufficient to adequately state a policymaker.

Koshnick additionally argues in his response that Lakeway and Bee Cave ratified and condoned the conduct that caused a violation of his constitutional rights. Koshnick acknowledges in his response that ratification theory is general recognized in only "the most extreme factual situations." *World Wide St. Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 755 (5th Cir. 2009); see *Peterson*, 588 F.3d at 848 (refusing to find ratification when an officer dragged a sleeping man out of his car); *see also Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998) (refusing to find ratification when an officer shot a fleeing suspect in the back). Koshnick's complaint states in a conclusory manner that Lakeway condoned and ratified the constitutionally injurious conduct of its officers but fails include any specific factual allegations showing Lakeway's ratification of such conduct. Accordingly, Koshnick failed to adequately allege that Lakeway ratified and condoned the officers' conduct.

### IV. STATUTE OF LIMITATIONS

Lakeway finally argues that Koshnick's claims are time barred because he did not timely serve Lakeway prior to the expiration of the relevant statute of limitations. Section 1983 does not have a statute of limitations, and federal courts apply the statute of limitations to the most analogous cause of action under state law. In Texas, a two-year statute of limitations applies to constitutional-injury claims. *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Koshnick filed his complaint within the applicable statute of limitations. However, Koshnick did not affect service process until a month

and a half after the limitations period had run. Under Texas law, "[w]hen a plaintiff files a petition within the limitations period, but does not serve the defendant until after the statutory period has expired, the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service." *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990). However, the Texas rule requiring due diligence in service of process does not apply to Section 1983 claims filed in federal court. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1021 n.1 (5th Cir. 1998). Accordingly, the court will not dismiss Koshnick's claims as time barred.

**IT IS THEREFORE ORDERED** that Defendant City of Lakeway's Motion and Brief to Dismiss Plaintiff's Complaint for Failure to State a Claim filed November 21, 2017 (Dkt. No. 8) and Defendant City of Bee Cave's Motion and Brief to Dismiss Plaintiff's Complaint for Failure to State a Claim filed November 21, 2017 (Dkt. No. 9), are **GRANTED**.

**IT IS FURTHER ORDERED** that Mark Koshnick's claims against the City of Lakeway and the City of Bee Cave are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Koshnick is granted leave to file a second amended complaint **on or before October 25, 2018**.

SIGNED this 25th day of September, 2018.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE